MAJORS *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered May 9, 1910.

RAILROAD—NEGLIGENCE—DISCOVERED PERIL.—Where, in a suit against a railroad company for injury to a traveller at a crossing, the evidence tended to prove that the railroad company was negligent in failing to signal, and that the trainmen discovered plaintiff driving a team across the track when the train was one hundred and fifty or two hundred feet from the crossing, and that as it was plaintiff almost succeeded in crossing the track before the train struck and injured him, it was a question for the jury whether, if the signals had been given, plaintiff would have escaped injury, and therefore it was error to direct a verdict for the defendant.

Appeal from Lee Circuit Court; *Hance N. Hutton,* Judge; reversed.

*McCulloch & McCulloch* and *Smith & Smith,* for appellant.

*W. E. Hemingway, E. B. Kinsworthy* and *James H. Stevenson,* for appellee.

A traveler who fails to look and listen in both directions before going upon a railway track is guilty of contributory negligence. 69 Ark. 134; 65 Ark. 235; 76 Ark. 224. The tes-

timony of the trainmen is consistent, reasonable and uncontra-
dicted, and cannot be disregarded. 81 Ark. 365.

BATTLE, J.  Henry Majors brought this action against the
St. Louis, Iron Mountain & Southern Railway Company to
recover damages caused by a collision of defendant's engine
with a wagon in which he was driving at the time.  Plaintiff
alleged that such collision was the result of negligence com-
mitted by the defendant as follows:

"First.  A failure to either ring a bell or sound a whistle
for the public crossing where he was injured.

"Second.  In a failure to keep a lookout as the law re-
quires.

"Third.  In a wanton failure to ring a bell or sound a
whistle or in any other manner warn the plaintiff after his
perilous situation was by them discovered."

The defendant answered and denied the material allega-
tions of the complaint, and pleaded that the plaintiff's injuries
were caused by his contributory negligence.

A jury tried the issues made by the pleadings in the case.
After they heard the evidence adduced by both parties, the
court peremptorily instructed them to return a verdict for the
defendant, which they did, and plaintiff appealed.

Was the evidence adduced in the trial legally sufficient to
support a verdict in favor of the plaintiff?  That is the only
question for us to decide.  In deciding it we should give the
evidence in his favor its strongest probative force.  *Crawford
v. Sawyer & Austin Lumber Co.,* 91 Ark. 337.

Henry Majors, the plaintiff, testified that on the 9th day of
October, 1908, he was traveling in a wagon on a public road
approaching the Polk crossing on the defendant's railway from
the south; that he had stopped at the Oil Mill crossing, about
a half mile south of the Polk crossing, and looked for a train;
that about one hundred yards before he reached the Polk
crossing he looked south for a train and could see none ap-
proaching from that direction; that he drove on to the Polk
crossing, not expecting a train from the south, but was look-
ing north; that when upon the Polk crossing an engine of
the defendant from the south struck his wagon, completely
wrecking it, and threw him to the ground and injured him
seriously; that there was no bell rung or whistle sounded until

the engine was upon the crossing; that the whistle and shock came at the same time; that the engineer came back to where he was, and asked, "Didn't you hear the whistle?" and witness replied: "No, you never whistled;" and the engineer said: "I did, and thought you were going to stop;" he didn't whistle until he struck the wagon.

There was evidence legally sufficient to prove that no bell was rung or whistle sounded until the engine struck the wagon. Montgomery, the engineer in charge of the engine, testified that he was running the engine at a speed of about twenty-five miles an hour; that when he first saw Majors his engine was about one hundred and fifty or two hundred feet south of the crossing, and that Majors was sitting in his wagon with his head "hanging down like," and the heads of his mules were five or six feet from the track. That "when he saw Majors he shut off steam and applied the lever and threw it on back motion and applied the air, and that is all an engineer can do to stop a train." The mules and one-half the wagon escaped injury. Had the engineer sounded the whistle when he first saw the heads of the mules within five or six feet from the track, and the engine was one hundred and fifty or two hundred feet from the crossing, Majors might have escaped injury. He came near doing so as it was. What might have been had the whistle been promptly sounded is a matter of conjecture. That was a question for the consideration of the jury.

*Garrison* v. *St. Louis, I. M. & S. Ry. Co.*, 92 Ark. 437, was similar to this case. The court in that case said: "In the case at bar the testimony tended to prove that, when the plaintiff drove upon the track, and his perilous situation was discovered by the fireman, the train was one hundred feet distant from him. The fireman saw that the plaintiff's back was towards the train, and that he was looking and had been looking away from the train, and had not seen the train, and the plaintiff's conduct and appearance gave evidence that he was wholly unaware of the train's approach. The train was then at such a distance that the plaintiff might have quit the track in safety if he had been warned of the approach of the train. It then became a question for the jury to determine as to whether or not the defendant's servants were guilty of negligence in failing to give the warning signals."

The court erred in instructing the jury to return a verdict for the defendant.

Reversed and remanded for a new trial.